Dear Mayor McCoy:
Our office received your request for an opinion concerning La.R.S. 48:391 (A), which authorizes the issuance of fines when a train, railroad car or equipment, or engine obstructs vehicular traffic at a public highway railroad grade crossing for more than twenty consecutive minutes, unless one of the exceptions outlined in the statute applies. In particular, you have asked our office to clarify to whom a citation should be issued in enforcing La.R.S. 48:391, taking into account La.R.S. 48:391 (A)(2), which provides that "[n]o employee performing his duties under the operating rules or orders of the railroad company or carrier or its supervisory personnel shall be prosecuted for any violation of this Section."
As a preliminary matter, it is significant to note relevant jurisprudence from the United States Fifth Circuit Court of Appeals concerning a state's attempts to regulate the length of time a train may block a railroad crossing. In Friberg v. Kansas City SouthernRailway Company, the court considered a Texas statute, the Texas Anti-Blocking Statute, which prohibited railroad officers, agents, servants or receivers from willfully allowing a standing train to block a street, highway or railroad crossing for a period of time.[1] Specifically, the court considered whether federal law preempted state law on this issue.
Preemption under the Supremacy Clause of the United States Constitution can arise in several ways, i.e., express preemption where the intent of Congress to preempt state law is clear and explicit; field preemption where state law intrudes in an area that Congress has reserved for federal jurisdiction; and conflict preemption, where enforcement of state law cannot be accomplished while simultaneously complying with federal law.[2] *Page 2 
Congress created the Surface Transportation Board ("STB") to perform certain regulatory functions related to rail transportation when it enacted the Interstate Commerce Commission Termination Act of 1995 ("ICCTA").[3] In considering the issue of preemption, the court took note of Section 10501 of the ICCTA, which states, in relevant part:
 (b) The jurisdiction of the Board over —
 (1) transportation by rail carriers, and the remedies provided in this part [49 U.S.C. §§ 10101 et seq.] with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and
 (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State,
 is exclusive. Except as otherwise provided in this part [49 U.S.C. §§ 10101 et seq.], the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.
The court concluded that this language was clear and precise, and that regulation of the Kansas City Southern train operations was under the exclusive jurisdiction of the STB unless some other provision in the ICCTA provided otherwise.[4] Specifically, the court found that Congress had specifically reserved the regulation of railroad operations to the federal government:
 Nothing in the ICCTA otherwise provides authority for a state to impose operating limitations on a railroad like those imposed by the Texas Anti-Blocking Statute, nor does the all-encompassing language of the ICCTA's preemption clause permit the federal statute to be circumvented by allowing liability to accrue under state common law, where that liability arises from a railroad's economic decisions such as those pertaining to train length, speed or scheduling. We thus hold that the Texas Anti-Blocking Statute, as well as the Friberg's common law claim of negligence, are preempted by the ICCTA.[5]
In a footnote, the court states that this decision does not address the impact the ICCTA would have upon a state provision pertaining strictly to state-controlled safety issues, such as access of law enforcement and emergency vehicles, stating "[a]lthough the *Page 3 
supremacy of the federal law in the regulation of rail transportation cannot be denied, the federal government's failure to take appropriate steps to alleviate the blocking problems that the various state provisions have attempted to address enables the railroads to operate in such a manner as to severely diminish the use and value of private property without any compensation to those affected."[6] Despite any possible limitation of this Fifth Circuit decision implied by this note, La.R.S. 48:391 does not strictly pertain to safety issues. Additionally, this opinion is not intended to address in any manner the obligation of a railroad to operate in a manner which minimizes obstruction of emergency vehicles at public highway grade crossings, as described by La.R.S. 48:391(B).
The Texas Anti-Blocking Statute imposes a criminal penalty against a railroad company when a railroad crossing is blocked for more than ten minutes. La.R.S. 48:391 is a quasi-criminal statute which imposes a penalty when a train, railroad car or equipment obstructs a railroad grade crossing for more than twenty minutes. It is of no consequence that the Louisiana statute allows for a longer period of time before the penalty applies. What is of significance is the fact that La.R.S. 48:391, like the Texas Anti-Blocking Statute, imposes a penalty when a train or railroad car obstructs a railroad crossing. The Friberg court found that the ICCTA expressly preempted Texas law on this issue, as Congress has expressly placed this authority under federal jurisdiction.[7] For this reason, it is the opinion of this office that La.R.S. 48:391 is preempted by the ICCTA.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:________________ Emalie A. Boyce Assistant Attorney General
 JDC: EAB
[1] 267 F.3d 439 (5th Cir. 2001), rehearing denied
(Nov. 15, 2001).
[2] Id. at 442, Citing English v. General ElectricCo., 496 U.S. 72 (1990).
[3] 49 U.S.C. § 10101 et seq.
[4] Id. at 443.
[5] Id. at 444.
[6] Id. at 444, n. 18.
[7] Please note this decision was cited with approval inFranks Investment Company v. Union Pacific Railroad Co.,593 F.3d 404, 411 (5th Cir. 2010), which involved a distinct issue of preemption of a state possessory action under Louisiana law by the ICCTA. The court distinguished the facts of Franks fromFriberg, stating: "It is clear that a tort suit that attempts to mandate when trains can use tracks and stop on them is attempting to manage or govern rail transportation in a direct way, unlike a state law property action regarding railroad crossings. As we noted in Friberg, `[r]egulating the time a train can occupy a rail crossing impacts, in such areas as train speed, length and scheduling, the way a railroad operates its trains, with concomitant economic ramifications . . .' 267 F.3d at 443. These same concerns are not present in Franks's state law property action."